UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02 - 21007 CR-HUCK

CASE NO. _____

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(2)(B)(i)
18 U.S.C. § 1956(h)
18 U.S.C. § 2

MAGISTRATE JUDGE
TURNOFF

UNITED STATES OF AMERICA

v.

RODRIGO JOSE MURILLO,
ALEXANDER MURILLO,
JAIME EDUARDO REY ALBORNOZ,
ARTURO DELGADO,
a/k/a Arturo Delgado Florez,
a/k/a Sirius Delgado,
and ESPERANZA ROMERO,

                    Defendants.
_____/

INDICTMENT

The Grand Jury charges that:

COUNT 1

GENERAL ALLEGATIONS

At all times material to this indictment:

    1.    Defendant RODRIGO JOSE MURILLO was a transporter and distributor of cocaine

from Colombia to the United States of America by way of Mexico.

2.      Defendant ALEXANDER MURILLO assisted defendant RODRIGO JOSE MURILLO by establishing an investment account in the United States in his own name for the purpose of investing the proceeds of defendant RODRIGO JOSE MURILLO's cocaine trafficking. Defendant ALEXANDER MURILLO was the son of defendant RODRIGO JOSE MURILLO.

3.      Defendant JAIME EDUARDO REY ALBORNOZ was the owner and operator of an investment company known as C.A.J.A. in Bogota, Colombia. Defendant JAIME EDUARDO REY ALBORNOZ was also employed by an insurance investment company in the Southern District of Florida. Defendant JAIME EDUARDO REY ALBORNOZ invested some of the proceeds of defendant RODRIGO JOSE MURILLO's cocaine trafficking.

4.      Defendant ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado was a money exchanger and broker working in Bogota, Colombia. Defendant ARTURO DELGADO, along with defendant JAIME EDUARDO REY ALBORNOZ, sold investment grade viatical and life insurance policies and provided currency exchange services to facilitate the investments in insurance polices of some of the proceeds of defendant RODRIGO JOSE MURILLO's cocaine trafficking.

5.      Defendant ESPERANZA ROMERO was the office assistant of defendant ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado.   Defendant ESPERANZA ROMERO assisted defendant ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado by directing the transfer of funds for the purchase of investment grade insurance policies, for the benefit of defendants RODRIGO JOSE MURILLO and ALEXANDER MURILLO.

2

## CONSPIRACY

6.     From in or about July 2001, the exact date being unknown to the Grand Jury, and continuing to at least on or about November 14, 2002, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

> RODRIGO JOSE MURILLO,
> ALEXANDER MURILLO,
> JAIME EDUARDO REY ALBORNOZ,
> ARTURO DELGADO,
> a/k/a Arturo Delgado Florez,
> a/k/a Sirius Delgado,
> and ESPERANZA ROMERO,

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury to commit the following offenses:

a)     to conduct and attempt to conduct financial transactions knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, and the source, of the proceeds of specified unlawful activity, that is, the distribution and importation of controlled substances in violation of Title 21, United States Code, Sections 959(a)(1), 952 and 841(a)(1); and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

b)     to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds to a place in the United States from or through a place outside the United States, knowing that such transportation, was designed in whole and in part to conceal and disguise the nature, the location, the source, and the control of the proceeds of specified unlawful activity, that is, the distribution and importation of controlled substances in violation of Title 21,

3

United States Code, Sections 959(a)(1), 952 and 841(a)(1); and knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity; all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

MANNER AND MEANS

7.     The manner and means by which defendants RODRIGO JOSE MURILLO, ALEXANDER MURILLO, JAIME EDUARDO REY ALBORNOZ, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado, and ESPERANZA ROMERO, sought to accomplish the objectives of the conspiracy included the following:

a)     JAIME EDUARDO REY ALBORNOZ and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado would manage the investment of some of the proceeds of RODRIGO JOSE MURILLO's cocaine trafficking.

b)     ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado and JAIME EDUARDO REY ALBORNOZ would agree to invest some of the proceeds from RODRIGO JOSE MURILLO's cocaine trafficking in viatical and life insurance policies.  JAIME EDUARDO REY ALBORNOZ and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado would receive commissions for their sale of viatical and life insurance polices to RODRIGO JOSE MURILLO and other family members.

c)     ESPERANZA ROMERO would assist ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado  in directing the transfer of RODRIGO JOSE MURILLO's proceeds from cocaine trafficking from outside the United States to insurance company accounts in the United States.

4

## OVERT ACTS

8.      In furtherance of the conscpiracy, and to accomplish its objectives, at least one of the coconspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

a)      On or about July 23, 2001, RODRIGO JOSE MURILLO and JAMIE EDUARDO REY ALBORNOZ caused a wire transfer of $50,000 to be sent from Casa de Cambio, Tiber in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

b)      On or about July 24, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $100,000 to be sent from JSC Aizkraukles Banka in Riga Latvia, to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

c)      On or about July 26, 2001,RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $100,000 from Casa de Cambio, Tiber, in Mexico to a Bank of America account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

d)      On or about July 26, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused another wire transfer of $100,000 from Casa de Cambio, Tiber in Mexico to a Bank of America account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

e)      On or about August 1, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $150,000 to be sent from JSC Aizkraukles Banka in

Riga Latvia, to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

    f)    On or about October 25, 2001, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado sent a telephone facsimile to an insurance investment business in the Southern District of Florida, instructing the insurance investment business to debit $300,000 from the ARTHUR DELGADO's account and apply the $300,000 to the account of RODRIGO JOSE MURILLO and his wife.

    g)    On or about November 2, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $90,000 from American Express Bank Ltd. in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

    h)    On or about November 5, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $45,000 from Consultoria International in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

    i)    On or about November 6, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $30,500 from Consultoria International in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

    j)    On or about November 6, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $50,000 from Consultoria International in Mexico to a bank account in the Southern District of

Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

k)    On or about November 6, 2001, an unindicted coconspirator delivered $500,020 wrapped in rubber bands to an undercover law enforcement officer in New York.

l)    On or about November 6, 2001, an unindicted coconspirator instructed an undercover law enforcement officer in New York to wire transfer $100,000 of the aforementioned $500,020 to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

m)    On or about November 7, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $63,280 from Laredo National Bank in Texas to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

n)    On or about November 8, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $61,520 from Banco International Bital Envio in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

o)    On or about November 8, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $78,300 from Banco International Bital Envio in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

p)    On or about November 8, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $200,000 from Harris Bank International in New York to a bank account in New Jersey, for the

7

benefit of RODRIGO JOSE MURILLO and his wife.

q)      On or about November 9, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer in the amount of $71,560 from Laredo National Bank in Texas to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

r)      On or about November 9, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer of $197,000 to be sent from JSC Aizkraukles Banka in Riga Latvia, to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

s)      On or about November 9, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $150,000 from International Casa de Cambio, Tiber in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

t)      On or about November 14, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $150,000 from International Casa de Cambio, Tiber, in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

u)      On or about November 15, 2001, RODRIGO JOSE MURILLO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused a wire transfer of $250,000 to be sent from JSC Aizkraukles Banka in Riga Latvia, to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

v)      On or about November 19, 2001, RODRIGO JOSE MURILLO and ARTURO

8

DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado caused $50,000 to be wire transferred from Banco International Bital Envio in Mexico, to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

w)   On or about November 21, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $94,680 from International Casa de Cambio, Tiber in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

x)   On or about November 23, 2001, RODRIGO JOSE MURILLO and JAIME EDUARDO REY ALBORNOZ caused a wire transfer of $8,383.20 from Banco International S.A. in Mexico to a bank account in the Southern District of Florida, for the benefit of RODRIGO JOSE MURILLO and his wife.

y)   On or about November 30, 2001, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado sent a letter by telephone facsimile to a representative of an insurance investment company in the Southern District of Florida, directing funds previously placed in the account of RODRIGO JOSE MURILLO, to be moved to the account of ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado.

z)   On or about November 30, 2001, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado received a telephone call from an unindicted coconspirator about money invested for RODRIGO JOSE MURILLO.

aa)   On or about December 1, 2001, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado sent a letter by telephone facsimile to a representative of an insurance investment company in the Southern District of Florida, containing a list of funds in the amount of

9

$1,960,000 invested with the insurance investment company by RODRIGO JOSE MURILLO.

bb)     On or about December 4, 2001, JAIME EDUARDO REY ALBORNOZ telephoned ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado and instructed ARTURO DELGADO to send a letter to the insurance investment company in "Miami" explaining the 10% commission on RODRIGO JOSE MURILLO's investment.

cc)     On or about March 8, 2002, JAIME EDUARDO REY ALBORNOZ and ALEXANDER MURILLO caused $100,000 to be wire transferred from Banco Popular in Puerto Rico to a bank account in the Southern District of Florida, for the benefit of ALEXANDER MURILLO.

dd)     On or about March 8, 2002, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado sent a telephone facsimile from Bogota, Colombia, to a representative of an insurance investment company in the Southern District of Florida, attempting to confirm the wire transfer of $100,000, for the benefit ALEXANDER MURILLO.

ee)     On or about March 11, 2002, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado sent a telephone facsimile letter from Bogota, Colombia, to a representative of an insurance investment company in the Southern District of Florida, attempting to confirm the wire transfer of $100,000, for the benefit ALEXANDER MURILLO.

ff)     On or about March 11, 2002, ESPERANZA ROMERO, with ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado telephoned a representative of an insurance investment company in the Southern District of Florida, and attempted to confirm the wire transfer of $100,000 on behalf of ALEXANDER MURILLO.  ESPERANZA ROMERO further discussed the investment of ALEXANDER MURILLO's money with the insurance investment company.

10

gg)     On or about March 13, 2002, ESPERANZA ROMERO, in Bogota, Colombia, telephoned a representative of an insurance investment company in the Southern District of Florida, and attempted to confirm the wire transfer of $100,000 on behalf of ALEXANDER MURILLO. ESPERANZA ROMERO further discussed the investment of ALEXANDER MURILLO's money with the insurance investment company.

hh)     On or about April 30, 2002, ESPERANZA ROMERO and ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado traveled from Bogota, Colombia, to Miami, Florida, to meet with representatives of an insurance investment company in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS 2-19

9.     The allegations contained in paragraphs one through five of this indictment are realleged and incorporated by reference as though fully set forth herein.

10.     On or about the dates listed below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, as set forth in each count, did knowingly and willfully transport, transmit and transfer, and attempt to transport, transmit and transfer funds by wire to a place in the United States from or through a place outside the United States, knowing that the funds involved in the transportation, transmission and transfer, represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location and source of the proceeds of specified unlawful activity, that is, the distribution and importation of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), 952, and 959(a)(1):

11

| COUNT | DEFENDANTS | DATE | TRANSFER FROM | TRANSFER TO | AMOUNT |
|---|---|---|---|---|---|
| 2 | Jaime Eduardo Rey Albornoz and Rodrigo Murillo | 07/23/2001 | Casa De Cambio, Tiber, Mexico | Bank of America, Ft. Lauderdale | $50,000.00 |
| 3 | Jaime Eduardo Rey Albornoz and Rodrigo Murillo | 07/24/2001 | JSC Aizkaraukles, Banka, Riga, Latvia | Bank of America, Ft. Lauderdale | $100,000.00 |
| 4 | Jaime Eduardo Rey Albornoz and Rodrigo Murillo | 07/26/2001 | Casa De Cambio, Tiber, Mexico Sender Ref.# 07FC010726016 457 | Bank of America, Ft. Lauderdale | $100,000.00 |
| 5 | Jaime Eduardo Rey Albornoz and Rodrigo Murillo | 07/26/2001 | Casa De Cambio, Tiber, Mexico Sender Ref.# 07FC010726016 458 | Bank of America, Ft. Lauderdale | $100,000.00 |
| 6 | Jaime Eduardo Rey Albornoz and Rodrigo Murillo | 08/01/2001 | JSC Aizkaraukles Banka, Riga, Latvia | Bank of America, Ft. Lauderdale | $150,000.00 |
| 7 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/02/2001 | AMEX Bank, Mexico | Bank of America, Ft. Lauderdale | $90,000.00 |
| 8 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/05/2001 | Consultoria International, Mexico | Bank of America, Ft. Lauderdale | $45,000.00 |
| 9 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/06/2001 | Consultoria International, Mexico | Bank of America, Ft. Lauderdale | $30,500.00 |
| 10 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/06/2001 | Consultoria International, Mexico | Bank of America, Ft. Lauderdale | $50,000.00 |

| COUNT | DEFENDANTS | DATE | TRANSFER FROM | TRANSFER TO | AMOUNT |
|---|---|---|---|---|---|
| 11 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/08/2001 | Banco International (Bital Envio), Mexico | Bank of America, Ft. Lauderdale | $61,520.00 |
| 12 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/08/2001 | Banco International (Bital Envio), Mexico | Bank of America, Ft. Lauderdale | $78,300.00 |
| 13 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/09/2001 | JSC Aizkaraukles, Banka, Riga, Latvia | Bank of America, Ft. Lauderdale | $197,000.00 |
| 14 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/09/2001 | Casa De Cambio, Tiber, Mexico | Bank of America, Ft. Lauderdale | $150,000.00 |
| 15 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/14/2001 | Casa De Cambio, Tiber, Mexico | Bank of America, Ft. Lauderdale | $150,000.00 |
| 16 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/15/2001 | JSC Aizkaraukles, Banka, Riga, Latvia | Bank of America, Ft. Lauderdale | $250,000.00 |
| 17 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/19/2001 | Banco International (Bital Envio), Mexico | Bank of America Ft. Lauderdale | $50,000.00 |
| 18 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/21/2001 | Casa De Cambio, Tiber, Mexico | Bank of America, Ft. Lauderdale | $94,680.00 |
| 19 | Jaime Eduardo Rey Albornoz, Arturo Delgado and Rodrigo Murillo | 11/23/2001 | Casa De Cambio, Tiber, Mexico | Bank of America, Ft. Lauderdale | $8,383.20 |

All in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.

## COUNTS 20-23

11.     The allegations contained in paragraphs one through five of this indictment are realleged and incorporated by reference as though fully set forth herein.

12.     On or about the dates listed below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, as set forth in each count, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, that is, the wire transfer of funds which involved the proceeds of specified unlawful activity, that is, the possession and importation of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), 959(a)(1), and 952, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location and source of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DEFENDANTS | DATE | FINANCIAL TRANSACTION | AMOUNT |
|-------|-----------|------|----------------------|--------|
| 20 | Rodrigo Murillo | 11/06/2001 | Wire transfer from Hong Kong Shanghai Bank Corporation in New York to Bank of America in Ft. Lauderdale, FL | $100,000.00 |
| 21 | Rodrigo Murillo, Arturo Delgado, and Jaime Eduardo Rey Albornoz | 11/07/2001 | Wire transfer from Laredo National Bank in Texas to Bank of America in Ft. Lauderdale, FL | $63,280.00 |

| COUNT | DEFENDANTS | DATE | FINANCIAL TRANSACTION | AMOUNT |
|-------|-----------|------|----------------------|--------|
| 22 | Rodrigo Murillo, Arturo Delgado, and Jaime Eduardo Rey Albornoz | 11/09/2001 | Wire transfer from Laredo National Bank in Texas to Bank of America in Ft. Lauderdale, FL | $71,560.00 |
| 23 | Jaime Eduardo Rey Albornoz, Alexander Murillo and Esperanza Romero | 03/08/2002 | Wire transfer from Banco Popular in Puerto Rico to Bank of America in Ft. Lauderdale, FL | $100,000.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE
### (18 U.S.C. § 982(a)(1))

A.     The allegations of Counts 1 through 23 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

B.     As a result of the offenses alleged in Counts 1 through 23, defendants  RODRIGO JOSE MURILLO, ALEXANDER MURILLO, JAIME EDUARDO REY ALBORNOZ, ARTURO DELGADO, a/k/a Arturo Delgado Florez, a/k/a Sirius Delgado, and ESPERANZA ROMERO, shall forfeit to the United States all property, real and personal, involved in the aforestated offenses and all property traceable to such property, including but  not limited to the following property:

1.     the sum of two million ninety thousand two hundred twenty three dollars and twenty cents, ($2,090,223.20) which represents the total amount involved in the violations alleged in Counts 1 through 23 of this Indictment; and

C.  if the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

(1)     cannot be located upon the exercise of due diligence;

15

(2)     has been transferred or sold to, or deposited with a third
         person;
(3)     has been placed beyond the jurisdiction of the Court;
(4)     has been substantially diminished in value; or
(5)     has been commingled with other property which cannot be
         subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) to seek

forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982.


A TRUE BILL


_____
FOREPERSON



_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY



_____
RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY


16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 02 - 21007 CR - HUCK

v.

RODRIGO JOSE MURILLO, et al.

**CERTIFICATE OF TRIAL ATTORNEY** MAGISTRATE JUDGE
TURNOFF

_____Defendants._/

**Superseding Case Information:**

**Court Division:** (Select One)

x__ Miami ____ Key West
____ FTL ____ WPB ____ FTP

New Defendant(s)          Yes ____  No ____
Number of New Defendants     ____
      Total number of counts    ____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:        (Yes or No) __Yes_____
      List language and/or dialect  __Spanish_____

4.    This case will take __8__ days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
      (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | __X__ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | __X__ |
| V | 61 days and over | ____ | | |

6.    Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____  Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __No_____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No) __No_____

7.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes __X__ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.    Did this case originate in the Narcotics Section, Miami? ___ Yes __x__ No

RICHARD D. GREGORIE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 549495

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET    02   21 0 0 7CR - HUCK

MAGISTRATE JUDGE
TURNOFF

**Defendant's Name:  RODRIGO JOSE MURILLO**

**Case No:**

**Count #: 1**

Conspiracy to launder money
18 U.S.C. § 1956(h)

**\* Max.Penalty:  20 years' imprisonment; $4 million fine**

**Counts #: 2 - 19**

Money laundering
18 U.S.C. § 1956(a)(2)(B)(i) and 2

**\*Max. Penalty:      20 years' imprisonment and $500,000 fine - per count**

**Counts #: 20 - 22**

Money Laundering
18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:      20 years' imprisonment and $500,000 fine - per count**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET    02 - 21007 CR-HUCK

**Defendant's Name:** ALEXANDER MURILLO

**Case No:**                                                MAGISTRATE JUDGE
                                                           TURNOFF

Count #: 1

    Conspiracy to launder money
    18 U.S.C. § 1956(h)

**\* Max.Penalty:** 20 years' imprisonment; $4 million fine

Count #: 23

    Money laundering
    18 U.S.C. § 1956(a)(1)(B)(i)

**\* Max.Penalty:** 20 years' imprisonment; $500,000 fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET    02 - 21 0 0 7 CR - HUCK

**Defendant's Name:  JAIME EDUARDO REY ALBORNOZ**

**Case No:**

**Count #: 1**

> Conspiracy to launder money
> 18 U.S.C. § 1956(h)

**\* Max.Penalty:  20 years' imprisonment; $4 million fine**

**Counts #: 2 - 19**

> Money laundering
> 18 U.S.C. § 1956(a)(2)(B)(i) and 2

**\*Max. Penalty:        20 years' imprisonment and $500,000 fine - per count**

**Counts #: 21 - 23**

> Money Laundering
> 18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:        20 years' imprisonment and $500,000 fine - per count**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

02 - 21 0 0 7 CR - HUCK

PENALTY SHEET

**Defendant's Name: ARTURO DELGADO, aka Arturo Delgado Florez, aka Sirius Delgado**

**Case No:**

**Count #: 1**

     Conspiracy to launder money
     18 U.S.C. § 1956(h)

**\* Max.Penalty: 20 years' imprisonment; $4 million fine**

**Counts #: 7 - 19**

     Money laundering
     18 U.S.C. § 1956(a)(2)(B)(i) and 2

**\*Max. Penalty:      20 years' imprisonment and $500,000 fine - per count**

**Counts #: 21 - 22**

     Money Laundering
     18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:      20 years' imprisonment and $500,000 fine - per count**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET    02 21007 CR-HUCK

**Defendant's Name:**   **ESPERANZA ROMERO**

MAGISTRATE JUDGE
**TURNOFF**

**Case No:**

Count #: 1

   Conspiracy to launder money
   18 U.S.C. § 1956(h)

**\* Max.Penalty:**  20 years' imprisonment; $4 million fine

Count #: 23

   Money Laundering
   18 U.S.C. § 1956(a)(1)(B)(i)

**\*Max. Penalty:**        20 years' imprisonment; $500,000

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

No. _____

UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA
CRIMINAL Division

THE UNITED STATES OF AMERICA

vs.

RODRIGO JOSE MURILLO, et al.

INDICTMENT
IN VIOLATION OF:

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(a)(2)(B)(i)
18 U.S.C. § 1956 (h)
18 U.S.C. § 2

A true bill.

_____
02-03(MIA)  Foreman

Filed in open court this _5th_ day,

of _Dec_ A.D. 2002.

_____
Clerk

Bail, $ _____

GRAND JURY INDICTMENT NO. _0203 MCN_
                          _231_